■ BANKERS TRUST COMPANY et al., as Executors of GEORGE I. GARBER, Deceased, Respondents, v. R & Z TELEVISION OF NEW YORK, INC., et al., Appellants.— In an action to recover damages for wrongful death and for conscious pain and suffering, the appeal is from a judgment in favor of respondents, entered after trial before the court without a jury. Judgment unanimously affirmed, with costs. Upon the record presented, the trial court was justified in finding that the accident was caused by appellants' negligence and that they failed to prove contributory negligence on the part of the testator. While we are of the opinion that appellants' claim with respect to proof of damage is not without merit, we find in this record sufficient evidence to establish the testator's earning capacity. On the basis of such earning capacity, the award of damages was not excessive. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.

■ ROBERT H. BRILL, by JACOB BRILL, His Guardian ad Litem, et al., Respondents, v. COUNTY OF WESTCHESTER et al., Appellants.— In an action by an infant to recover damages for personal injuries and by his father for medical expenses and loss of services, the appeal is from an order denying a motion to dismiss the complaint for lack of prosecution in that the case was not noticed for more than two years after joinder of issue, on condition that the case be noticed for the next term of court. Order affirmed, without costs. No prejudice to appellants was shown to have resulted from the delay. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ CROMWELL HARDWARE LONG ISLAND CORP., Respondent, v. GREAT ATLANTIC & PACIFIC TEA COMPANY et al., Appellants.— In an action by a lessee of store premises against the owner of the building and the lessee of other store premises therein, to enjoin the sale of housefurnishings, hardware, and like articles by said other lessee, the Great Atlantic & Pacific Tea Company, the appeal is from an order granting a motion for an injunction *pendente lite* and denying cross motions for summary judgment dismissing the complaint. Order reversed, without costs, motion for an injunction *pendente lite* denied, and cross motions for summary judgment dismissing the complaint granted. Respondent's lease provides that the sale of housefurnishings, hardware, and paints in sealed cans by another tenant in the building, incidental to the business of such other tenant, shall not be deemed a breach of the restrictive covenant in respondent's lease. The lease of the appellant tenant, which provides that said appellant may carry on a general merchandising business, contains no restrictive covenant. Since that lease antedates respondent's lease by almost a year, the appellant tenant, when it made its lease, could have had no notice of the restrictive covenant which respondent seeks to enforce. In the absence of such notice, respondent may not be afforded relief (*Senn* v. *Ladd*, 179 Misc. 306, and cases cited). Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.