Morris E. Spector, J.
This is an action brought by plaintiff to enjoin defendants from operating or permitting the operation of a restaurant and/or luncheonette in any portion of the building known as 19 Rector Street, New York, in violation of a restrictive covenant in a lease between landlord of said building and plaintiff.
Plaintiff is an assignee of a lease entered into with landlord on July 1,1961. The assignment took place on January 25,1963. The lease contained the following pertinent paragraphs:
“ 2. Tenant shall use and occupy demised premises for a restaurant, luncheonette and soda fountain ”.
“ 52. The landlord will not rent any other space in the same building for the same line of business.”
The defendant New York Telephone Company (hereinafter also referred to as the “ Telephone Co.”) has a lease for five and one-half floors in said building. This lease was entered into on March 13, 1961. The Telephone Co. employs about 500 people and it permits employees to have a coffee break in the morning and afternoon, in addition to a lunch hour. It has customarily permitted restaurants, including the plaintiff, to bring in lunch carts and orders, to accommodate the said employees. It also had many automatic vending machines which dispensed coffee, soft drinks and sandwiches. Because of sanitary conditions and other reasons, the Telephone Co. decided to provide space in its employees’ lounge for the purpose of creating a lunch room. It entered into a contract with Office Canteens, Inc., in August, 1963, whereby Office Canteens, Inc., would supply a prefabricated, compact, self-contained unit manned by its personnel, to sell prepared foods and beverages to the employees of the Telephone Co. The New York Telephone Company is to receive no rent or share of profits from Office Canteens, Inc.
The landlord consented to the use of its utilities.
*489 Plaintiff contends that this violates its noncompetitive clause in the lease. The case of Colbee 52nd St. Corp. v. Madison 52nd Corp. (8 Misc 2d 175 [Wasseevogel, Spec. Ref.], affd. without opinion 5 A D 2d 971) is particularly applicable to the case at bar.
As far as the defendant landlord is concerned, I find that there was no violation of paragraph 52 of the afore-mentioned lease. This was not a public restaurant or luncheonette rented to a competitor. This canteen was for the purpose of serving the employees of the New York Telephone Company only. This restaurant/luncheonette was not advertised in the directory of the building or any other place. It cannot be seen from the elevator exits and in fact there is a sign at the canteen’s entrance which says “ For Telephone Employees Only The general public is not invited to eat here. The restrictive clause in said lease must be strictly construed (1 Rasch, Landlord & Tenant, § 420, p. 374). While the landlord may not rent space to another engaged in the restaurant, luncheonette and soda fountain business open to the public, the lease cannot be construed as prohibiting landlord’s grant of permission to a prior corporate tenant to provide in-office snack facilities solely and exclusively for its employees. In fact, landlord’s permission was unnecessary, since it had no right to control tenant’s use of its leased space except for unauthorized purposes. A lease of space for “general offices ” does not preclude said tenant from full enjoyment of said premises for reasonable business use. Providing in-office snack and food facilities for its employees is not an unreasonable business use. Said use is incidental to the carrying on of its business and cannot be said to be a leasing of space for the carrying on of a restaurant/luncheonette business.
With respect to the defendant New York Telephone Company, it has a lease with defendant landlord, for five and one-half floors of space for general office purposes. No other restrictions. As previously noted, this lease antedates that of plaintiff. Where premises have been conveyed or leased to one tenant, the rights under that lease or conveyance cannot be limited or restricted by a subsequent conveyance or lease by the landlord to a later tenant of different premises (1 Rasch, Landlord & Tenant, § 419 et seq.). The entire concept of restrictive covenants applies to the use of premises retained by the landlord. Since the Telephone Company’s lease contains no restrictions with respect to the providing of food-serving facilities to its employees, it has the right to have incoming cart service, canteen service or automatic vending-machine service, or outside order service *490 for the benefit of its employees. It has the right to select the business invitees who may enter its leased premises for the benefit of the New York Telephone Company and its employees (Colbee 52nd St. Corp. v. Madison 52nd Corp., supra). The services so arranged by the New York Telephone Co. for the convenience of its employees cannot be deemed to be the Conduct of a restaurant/luncheonette business.
Furthermore, there is an absence of proof of notice to the Telephone Co. as to noncompetitive rights in plaintiff’s lease. Certainly since the Telephone Co. lease antedates that of plaintiff, it could not have had any notice of the restrictive covenant (Cromwell Hardware Long Is. Corp. v. Great Atlantic & Pacific Tea Co., 4 A D 2d 690; Deepdale Cleaners v. Friedman, 7 A D 2d 926). The complaint is dismissed.