■ St. Paul Industrial Park, Inc., Respondent, v New York State Urban Development Corporation, Appellant.—Order and judgment unanimously reversed, without costs, and motion denied. Memorandum: Summary judgment is a drastic remedy and before it is granted "it must clearly appear that no material and triable issue of fact is presented * * * 'issuefinding, rather than issue-determination, is the key to [a motion for summary judgment]'." *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404.) "Since it deprives the litigant of his day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues *(Millerton Agway Coop. v. Briarcliff Farms,* 17 NY2d 57)." *(Andre v Pomeroy,* 35 NY2d 361, 364.) "The purpose of the motion is to sift out evidentiary facts and determine from them whether an issue of fact exists. As such, the testimony of the nonmoving party * * * must be accepted as true and a decision on the motion must be made on the version of the facts most favorable to [the nonmoving party]. 'Where there is any significant doubt whether there is a material triable issue of fact or where the material issue of fact is "arguable" summary judgment must be denied' [citations omitted]" *(Strychalski v Mekus,* 54 AD2d 1068, 1069). Applying the foregoing principles to the facts before us, we believe that summary relief is inappropriate. St. Paul Industrial Park, Inc. ("St. Paul"), claims that a $14,000 deposit was paid to New York State Urban Development Corp. ("UDC") in consideration of a contract for the purchase of land which was never consummated. St. Paul alleges that it was understood by the parties that the deposit would be fully refundable in the event the contract was not executed. UDC on the other hand alleges that the parties agreed that the sum would not be refunded if plaintiff failed to carry out its part of the bargain. There is thus a genuine issue of fact which cannot be resolved on a motion for summary judgment *(Glick & Dollick v Tri-Pac*

*Export Corp.,* 22 NY2d 439). St. Paul contends that defendant is barred by the Statute of Frauds from proving such an agreement in the absence of a written memorandum (General Obligations Law, § 5-703, subd 2). There is an exception to the statute, however, when the vendor is willing and able to perform according to the oral agreement. In that case, a repudiating buyer cannot recover partial payments that have been made *(Keystone Hardware Corp. v Tague,* 246 NY 79, 83; *Abbott v Draper,* 4 Denio 51; *Collier v Coates,* 17 Barb 471; 169 ALR 187; 56 NY Jur, Statute of Frauds, § 351; NY Contracts Law, § 622; Corbin, Contracts, § 332). This rule is in the nature of an equitable estoppel to prevent the Statute of Frauds from being used as a shield for fraud (56 NY Jur, Statute of Frauds, § 330). UDC alleges that there was a unilateral breach by St. Paul, that defendant has suffered changed circumstances and pecuniary loss, and alleges further that at all times it has been willing to perform the sale according to the terms of the oral agreement. Consequently, circumstances arguably exist which may estop St. Paul from asserting the Statute of Frauds, a factual issue which itself requires resolution at trial *(Weiss v Weiss,* 268 App Div 1058). Finally, CPLR 3212 (subd [b]) requires the party seeking accelerated judgment to "show that there is no defense to the cause of action or that * * * the defense has no merit." The affidavit in support of the motion merely offers the conclusion that there is no basis to the defense and is, therefore, inadequate to support a summary judgment application *(Walski v Forma,* 54 AD2d 776). (Appeal from order and judgment of Monroe Supreme Court— action to recover deposit.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.