■    JAMES L. FOX et al., Appellants-Respondents, v ROBERT J. CONGEL et al., Appellants, and KEVIN HANLEY, Individually and Doing Business as ATHLETIC ATTIC, et al., Respondents.—Cross appeals from an order of the Supreme Court at Special Term, entered May 18, 1979 in Schenectady County, which granted a motion for summary judgment dismissing claims against defendants-respondents and denied a motion for summary judgment dismissing claims against defendants-appellants. Defendants-appellants Robert J. Congel and Pyramid Company of Glens Falls (Pyramid) are the owners of the Aviation Mall in Warren County, and since August 4, 1975 plaintiffs have rented space in the mall for a sporting goods store. Pursuant to a restrictive convenant in plaintiffs' lease, Pyramid agreed that neither in the mall as it then existed nor in an expanded mall would it rent space to any other tenant whose principal line of business was the "sale of sporting goods and all accessories as specifically set forth in paragraph 1.03" of the lease, i.e., "complete lines of quality sporting goods (I.E. baseball, football, basketball, etc.) accessories, garments and other related items" without plaintiffs' consent. Subsequently and without plaintiffs' consent, on August 11, 1977, however, Pyramid entered a lease with defendant-respondent Kevin Hanley pursuant to which Hanley was to operate the "Athletic Attic", a store in an expansion area of the mall. The terms of the Hanley lease expressly limited the "Athletic Attic" to "the sale of athletic footwear, athletic apparel and accessories related thereto." When plaintiffs later learned of the Hanley lease, they immediately notified Pyramid that, in

their view, the making of this latter lease violated Pyramid's restrictive covenant in its lease with plaintiffs. Nonetheless, Hanley refused to desist from continuing his business in the mall and Pyramid refused to take any action to force him to desist, with the result that plaintiffs commenced the present action. The matter then proceeded through various stages until plaintiffs served a third amended complaint which is at issue here. In this complaint, plaintiffs allege four causes of action against defendants-respondents. They seek an injunction preventing Hanley from continuing to operate the "Athletic Attic" in the mall and also damage awards based upon Hanley's alleged unlawful interference with plaintiffs' business relationships and upon a theory of prima facie tort whereby Hanley allegedly intentionally inflicted temporal damage upon plaintiffs and their business. Additionally, they seek a declaratory judgment construing the rights, liabilities and duties of the various parties under the leases involved in this controversy and particularly with regard to the restrictive covenant in plaintiffs' lease. As to Pyramid, plaintiffs allege these same causes of action and also three more. They assert that Pyramid breached its lease with plaintiffs by its renting of space to Hanley and that Pyramid fraudulently misrepresented to plaintiffs that theirs would be the only store in the mall permitted to sell sporting goods and accessories as a primary line. Lastly, they claim that Pyramid negligently caused or permitted plaintiffs' store to be damaged by the flooding of the premises which occurred on November 17, 1975. Ultimately, at Special Term motions were made for summary judgment dismissing all of these various causes of action with the exception of the negligence claim, upon which issue has apparently been joined. Thereafter, as noted above, the court granted the motion for summary judgment dismissing the claims against defendants-respondents, but denied the motion for summary judgment dismissing the claims against Pyramid. Plaintiffs and Pyramid now appeal. We hold that the claims against defendants-respondents were properly dismissed. In so ruling, we would initially note that the record contains Hanley's sworn affidavit to the effect that, when he entered his lease with Pyramid on August 11, 1977, he had no knowledge of plaintiffs' earlier lease agreement with Pyramid or of the restrictive covenant contained therein. Moreover, nothing but plaintiffs' bare conclusory allegations indicate that Hanley either knew or was chargeable with knowledge of the restrictive covenant on August 11, 1977. As a consequence, even though Hanley was subsequently notified of the covenant, the terms thereof were not binding upon him and could not serve to control his operation of the "Athletic Attic" (Deepdale Cleaners v Friedman, 7 AD2d 926). Additionally, plaintiffs have presented nothing in evidentiary form which even suggests that Hanley unlawfully interfered with plaintiffs' business relationships or intentionally inflicted temporal damage upon plaintiffs or their business, nor is there any indication that Hanley's operation of the "Athletic Attic" was motivated by other than legitimate business interests and Hanley's understandable desire to conduct a profitable business venture. Accordingly, with these circumstances prevailing, the grant of summary judgment to defendants-respondents should not be disturbed (Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255). We likewise agree with Special Term's denial of summary judgment to Pyramid. When the restrictive covenant and the related paragraph 1.03 in plaintiffs' lease and the limitation in the Hanley lease upon the kinds of merchandise which can be sold at the "Athletic Attic" are examined, it becomes obvious that the meaning and intent of these various provisions are unclear because they contain terms, such as "related items" and "related accessories", which are

ambiguous and undefined and the meanings of which are not otherwise discernible upon the instant record. Furthermore, as a party to plaintiffs' lease, Pyramid plainly knew of the restrictive covenant therein when it later entered into the Hanley lease on August 11, 1977. Under these circumstances, triable factual issues are presented as to whether the two leases are consistent and compatible or whether the Hanley lease contravenes the restrictive covenant in plaintiffs' lease relative to the possibility of other sporting goods stores in the mall. Until these issues are resolved, an intelligent judgment cannot be made as to the viability of plaintiffs' claims against Pyramid, and, therefore, the court properly refused to dismiss these claims (cf. *St. Paul Ind. Park v New York State Urban Dev. Corp.,* 63 AD2d 822). Order affirmed, without costs. Mahoney, P. J., Greenblott, Main, Casey and Herlihy, JJ., concur.