■ SHOE TOWN (NY), INC., Respondent-Appellant, v INDEPENDENT PROPERTIES COMPANY, INC., et al., Appellants-Respondents. — Cross appeals from an order of the Supreme Court at Special Term (Harlem, J.), entered August 3, 1981 in Albany County, which granted in part plaintiff's motion for summary judgment. Plaintiff, a shoe store, occupies space in a shopping mall owned by defendant Independent Properties Company, Inc. (Independent). The lease governing plaintiff's occupancy, by which both parties are concededly bound, contains a clause whereby the landlord agreed that "no other store in the shopping center, with the exception of Grandway or its replacement, nor any sublessee or assignee, be permitted to sell any type of footwear, and that no other store in the shopping center shall be leased to a store similar in nature to Lessee's (Tenant's) store". Grandway occupied some 67,000 square feet of the

mall, and had a shoe department of some 2,500 square feet. After Grandway vacated the premises, Independent leased 1,600 square feet of the space left vacant by Grandway's departure to defendant Richon Shoes, Inc. (Richon). Shortly after Richon began operation of its shoe store in the newly leased premises, plaintiff commenced the instant action against Independent and Richon, seeking both injunctive and monetary relief. Special Term granted plaintiff's motion for summary judgment against Independent, concluding that Richon was not a "replacement" for Grandway within the meaning of the restrictive covenant in plaintiff's lease. The motion for summary judgment against Richon was denied. The order enjoins Independent from taking any steps to enforce the lease between it and Richon, directs that the lease be terminated, and orders a hearing to assess damages. These cross appeals ensued. Initially, we reject Independent's argument that a question of fact exists as to whether Richon is a replacement for Grandway within the meaning of the lease provision at issue. Although the provision may be ambiguous, in the absence of a proper tender of relevant extrinsic proof from which a jury or other fact finder could clear up the ambiguity by passing on the credibility of the extrinsic evidence and whether reasonable inferences could be drawn therefrom, the issue must be determined by the court alone (*Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 554). Applying the guidelines used by a court in interpreting a contract (*id.,* at p 555), we agree with Special Term's conclusion that Richon is not a replacement of Grandway within the meaning of the lease. The record reveals that Grandway was a large retail department store which sold a wide variety of merchandise, with shoes being only one of the many items offered. Its replacement must be considered a similar type store, also offering a variety of merchandise at retail, rather than a small specialized store selling only one of the many types of merchandise previously offered by Grandway. The final phrase of the provision at issue not only bolsters this construction, but may well render the provision unambiguous, for after excepting Grandway and its replacement from the restriction on the sale of shoes by other tenants, the provision concludes by further prohibiting any other store "similar in nature" to plaintiff's store, and Richon's store is concededly similar in nature to plaintiff's store. With regard to defendant Richon and the injunctive relief, the order must be modified. The record contains an affidavit of Richon's president which states that when Richon entered into the lease agreement with Independent, he had no knowledge of the restrictive covenant in plaintiff's lease. Plaintiff offered no proof to the contrary. There is nothing in the record to indicate that plaintiff's lease itself was recorded, and there is no authority to support plaintiff's contention that Richon was under a duty to inquire of Independent as to the existence of restrictive covenants in the leases of other tenants. In our view, the undisputed facts of this case concerning Richon's liability are indistinguishable from those in *Fox v Congel* (75 AD2d 681) concerning the liability of the new tenant therein, Hanley. Accordingly, summary judgment dismissing the complaint must be granted to Richon (*id.*), and with Richon no longer a party, plaintiff is not entitled to injunctive relief affecting Richon's operation of its store (see *Deepdale Cleaners v Friedman,* 7 AD2d 926). Order modified, on the law, by deleting therefrom the first two decretal paragraphs and substituting therefor provisions granting summary judgment to plaintiff against defendant Independent Properties Company, Inc., on its cause of action for monetary damages, but otherwise denying plaintiff's motion, and granting summary judgment to defendant Richon Shoes, Inc., dismissing the complaint against it, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.