■ MURIEL E. CALIENDO, Individually and as Executrix of RICHARD N. CALIENDO, Deceased, Respondent, v GLENN B. SUTHERLAND, Appellant. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered April 29, 1982 in Ulster County, which granted plaintiff's motion for summary judgment. On November 12, 1980, Richard N. Caliendo, a certified public accountant who had been practicing in the City of Kingston, New York, died, and a few days later defendant Glenn B. Sutherland entered into negotiations with the attorneys for the Caliendo estate concerning the purchase of the Caliendo accounting practice. Thereafter, an agreement was reached between the parties, and on November 24, 1980 defendant executed a contract to purchase the accounting practice with the purchase price allocated 30% to client listings and 70% to good will. Embodied in the contract were, *inter alia,* requirements that defendant pay plaintiff the sums of $5,000 on the execution of the contract and $5,000 on June 1, 1981, with the latter sum to be secured by defendant's promissory note. When defendant subsequently refused to comply with the contract provision calling for a $5,000 payment on June 1, 1981, plaintiff moved, pursuant to CPLR 3213, for summary judgment in lieu of a complaint based upon the promissory note, and Special Term granted the motion in the order which is the subject matter of the instant appeal. We hold that the challenged order should be reversed and, in so ruling, note initially that it is beyond dispute that summary judgment is a drastic remedy to be granted only where there are clearly no triable issues of fact presented (see *St. Paul Ind. Park v New York State Urban Dev. Corp.*, 63 AD2d 822). Here, in opposing the summary judgment motion, defendant alleged that his execution of the contract to purchase the accounting practice was procured either by fraudulent misrepresentations on the part of plaintiff or as a result of a mutual mistake of fact by the parties as to the actual condition and value of the practice. To support his position he emphasized that the transaction had to be concluded rapidly so as to avert a loss of clients who would have obviously needed prompt attention to their affairs and that he was assured by plaintiff prior to the purchase that the practice was a viable business concern which had given competent service to its clients. Such assurances would be most significant in the valuation of the practice's good will for which 70% of the purchase price was, as previously noted, allocated. Defendant further alleged that, shortly after the purchase was consummated, he learned that the assurances had been inaccurate, that the practice was not a viable concern and that its good will was nonexistent. Moreover, he supported these allegations with exhibits and sworn affidavits containing specific factual data indicating, *inter alia,* that the deceased Richard N. Caliendo had wrongly converted hundreds of thousands of dollars of his clients' funds for his own use and that he had been negligent in serving his clients and frequently made significant errors in performing his work. Given all these circumstances, defendant has clearly raised triable factual issues as to whether he was fraudulently induced to purchase the practice and whether the parties were mutually mistaken as to

the condition of the practice at the time of its sale to defendant, and he may well be entitled to a rescission of the purchase agreement if either the alleged fraud or mutual mistake can be proven. Such being the case, the grant of summary judgment was plainly improvident, and this matter should be remitted for a trial whereat the pertinent factual issues may be properly resolved (cf. *Stackman v Devine,* 53 AD2d 971; see, also, *Hahn v Mills,* 72 AD2d 958; *Becker-Fineman Camps v Public Serv. Mut. Ins. Co.,* 52 AD2d 656). Order reversed, on the law, with costs, motion denied, and matter remitted to Special Term for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Main, Mikoll and Weiss, JJ., concur.