OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by defendants and third-party plaintiffs, Earl and Nelda Davis, for an order granting them summary judgment against the third-party defendant, Colonial Cooperative Insurance Company, determining that said third-party defendant is obligated to defend and indemnify them in connection with plaintiffs’ claim.
The third-party defendant opposes the motion and cross-moves for an order granting it summary judgment against the defendants and third-party plaintiffs, determining that it is not obligated to defend or indemnify them in connection with the plaintiffs’ claim.
The primary action involves a claim for personal injuries sustained by plaintiff Brenda Brink and for loss of services by her husband, plaintiff Larry Brink, for an occurrence on October 15, 1982, at 113 East Main Street, Port Ewan, New York, when Brenda Brink was bitten by a dog owned by Earl and Nelda Davis.
*1022 The property where the incident occurred had been owned by Nelda Davis’ mother, Mrs. Winifred Brewer, who died on September 18, 1982, less than one month prior to the incident complained of. Following the death of Mrs. Brewer and prior to the occurrence giving rise to this claim, Earl and Nelda Davis moved into her mother’s premises at 113 East Main Street, Port Ewan, taking the family dog with them. Nelda Davis was appointed administratrix of Winifred Brewer’s estate.
Winifred Brewer had procured a policy of homeowner’s insurance which included liability insurance from the third-party defendant Colonial Cooperative Insurance Company.
After the primary action was commenced in August of 1983, due notice of the claim was given to the carrier. The carrier has refused to defend the Davises in the primary claims, contending that under the policy the liability coverage would only apply to the property itself, not the legal representative’s dog who was brought to the house after Mrs. Brewer’s death. The dog was never covered property under the subject insurance policy.
The court cannot agree with the contentions of the third-party defendant. In this case, the carrier issued this policy to Winifred Brewer specifically for her property at 113 East Main Street, Port Ewan. The dog bite occurred at the residence on covered property. Paragraph 6 of the policy provides, insofar as pertinent, as follows:
“6. Insured
“a. Insured means you and, if residents of your household, your relatives and any other person under the age of 21 in your care or in the care of your resident relatives.
“b. Under Personal Liability and Medical Payments to Others coverages only, insured also includes:
“1) any person or organization legally responsible for a watercraft or animal owned by an insured and to which this insurance applies; (This does not include anyone using or having custody of the watercraft or animal in the course of any business or without the owner’s permission.)
“and
*1023 “2) any person while performing duties as á domestic employee of an insured.
“c. If you die while insured under this policy, your protection passes to your legal representative or other person having proper, temporary custody of covered property. However, this person or your legal representative is an insured only with respect to insurance on covered property and legal liability arising out of the property. Any person who is an insured at the time of your death continues to be an insured while residing on the insured premises.”
The protection of this policy passed to Mrs. Davis when she became the legal representative of Winifred Brewer pursuant to paragraph 6(c) of the subject policy, and she became the insured in this court’s opinion. It is this court’s further opinion that when she moved with the dog to the property, the carrier became obligated to pay for damages because of any bodily injury arising from the ownership or use of the insured property.
This policy is to be strictly construed against the insurance carrier and liberally in favor of the insured (see De Forte v Allstate Ins. Co., 81 AD2d 465, 469; Greaves v Public Serv. Mut. Ins. Co., 5 NY2d 120, 125).
The policy by its terms provides coverage for the incident in question. The motion of the defendants and third-party plaintiffs is granted and the cross motion of the third-party defendant is denied.