■ BRENDA BRINK et al., Plaintiffs, v EARL DAVIS et al., Defendants and Third-Party Plaintiffs-Respondents. COLONIAL COOPERATIVE INSURANCE COMPANY, Third-Party Defendant-Appellant.—Harvey, J. Appeal from an order of Supreme Court at Special Term (Conway, J.), entered November 16, 1984 in Ulster County, which, inter alia, granted defendants' motion for summary judgment in the third-party action.

In October 1982, plaintiff Brenda Brink (hereinafter plaintiff) was bitten by defendants' dog while lawfully upon lands which were in the possession of defendants, who are husband and wife. Defendant Nelda Davis' mother died in September 1982 at which time her residential premises, located in the Town of Esopus, Ulster County, were insured by a homeowner's policy issued by third-party defendant, Colonial Cooperative Insurance Company (Colonial). Defendants moved onto the premises shortly after decedent's death and resided there at the time of the injury. This litigation is to determine Colonial's obligations under the homeowner's policy.

Plaintiff commenced a personal injury action alleging that defendants were residents of decedent's property and, while she was lawfully upon the property, she was attacked and seriously injured by defendants' dog. Plaintiff's husband sued a derivative cause of action. Shortly after being served, defendants sent the summons and complaint to Colonial and demanded defense and indemnification pursuant to decedent's

homeowner's policy. Colonial disclaimed, asserting that the policy provided no coverage for that action because the dog had not been owned by decedent and because defendants were not otherwise "insureds" under the policy. Defendants thereupon commenced a third-party action against Colonial which demanded, *inter alia,* a declaratory judgment requiring Colonial to defend the action and to indemnify defendants should recovery be granted. After joinder of issue, defendants and Colonial moved for summary judgment on the third-party complaint. Summary judgment in favor of defendants was granted by Special Term, and this appeal by Colonial ensued.

The homeowner's policy, defining the word "insured", stated that: "*insured* means *you* and * * * if *you* die while insured under this policy, *your* protection passes to *your* legal representative or other person having proper, temporary custody of covered property. However, this person or *your* legal representative is an *insured* only with respect to insurance on covered property and legal liability arising out of the property" (emphasis in original). It is obvious from the entire policy and the agreed facts that defendants' only claim to the status of insured persons must be derived from the quoted language. Nelda Davis was the administratrix of decedent's estate. Both defendants had custody of the covered property at the time of the attack. There can be no valid claim for protection based simply upon the fact that the administratrix, in her individual capacity, was an owner of the dog *(see, Etterle v Excelsior Ins. Co.,* 74 AD2d 436, 440-441). However, possessors of real property having custody and control thereof are required to use reasonable care to prevent foreseeable injury to persons lawfully upon the premises *(Basso v Miller,* 40 NY2d 233, 241). We, in construing the complaint liberally (CPLR 3026; *Foley v D'Agostino,* 21 AD2d 60), conclude that a possibility exists that plaintiffs could prove a cause of action on that theory and do so within the allegations of the complaint.

Special Term construed the complaint in like manner. It then concluded that defendants were insured persons simply because Nelda Davis was an administratrix. In this respect, we disagree. At the outset, it should be noted that Nelda Davis was not sued in her representative capacity. From the record before us, it is impossible to determine the status of defendants by virtue of their custody and possession of the premises. To have been entitled to summary judgment, it was necessary for defendants to prove, beyond any significant doubt, that they were insured persons *(Bershaw v Altman,* 100 AD2d 642). To do so, they were required to prove that their

custody was not only proper, but temporary in nature. We conclude that defendants have failed to meet the burden of proof required for summary judgment. Unquestionably, summary judgment is a drastic remedy to be granted only where there are no triable issues of fact presented *(Caliendo v Sutherland,* 92 AD2d 690).

Although Colonial offered no proof to rebut Nelda Davis' conclusory affidavit, in which she stated that she only occupied the premises to prevent vandalism, there was sufficient evidence in the record to indicate otherwise. Her mother died intestate. As a surviving daughter, Nelda Davis, by operation of law, automatically became either the sole owner or a tenant in common of the premises upon her mother's death *(Waxson Realty Corp. v Rothschild,* 255 NY 332; *see,* Hoffman, Practice Commentary, McKinney's Cons Laws of NY, Book 17B, EPTL 13-1.3, pp 383-384). As an owner of the property, it cannot be said that she had temporary custody of it. Although circumstances may have existed indicating that possession was in a capacity other than that of owner, such as the existence of claims against the estate in excess of the value of the personal property, they were not disclosed by defendants on their motion. Consequently, we conclude that summary judgment was inappropriate and that the declaratory judgment action must be decided by plenary trial.

Order modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment on their third-party complaint; motion denied; and, as so modified, affirmed. Kane, Main and Harvey, JJ., concur.

Mahoney, P. J., and Casey, J., dissent and vote to affirm in the following memorandum by Casey, J. Casey, J. (dissenting). In their third-party action for declaratory relief, defendants, as third-party plaintiffs, allege without contradiction that they temporarily moved in the premises of defendant Nelda Davis' mother (the named insured) shortly after the mother's death in September 1982 to guard against vandalism, and that they, as the owners of the dog that bit plaintiff Brenda Brink (hereinafter plaintiff), qualify as insureds within the homeowner's policy which the mother had with third-party defendant insurance company. The disclaimer of third-party defendant is based on the fact that the dog was not owned by the mother and that defendants cannot be considered "insureds" under the policy.

The policy specifically defines an "insured" as a legal representative of the deceased or other person having proper,

temporary custody of the covered property. Nelda Davis met both requirements since she was the legal representative of the mother and her custody of the insured property was allegedly temporary, which has not been shown to be otherwise. Contrary to the majority's view, even if Nelda Davis became the owner of the property upon her mother's death, she could still retain custody on a temporary basis. If the mother in her lifetime owned the dog that caused plaintiff's injuries, she would have been covered. There is therefore no reason to exclude defendants, who fall squarely within the policy definition of "insured".

Additionally, there can be little dispute that the "occurrence" is a covered risk, for the policy specifically applies to bodily injury when it is caused by an animal owned or in the care of the insured.

The order of Special Term which, *inter alia,* granted defendants' motion for summary judgment in the third-party action should be affirmed, and, accordingly, we dissent. [125 Misc 2d 1021.]