■ KEY DRUG CO., INC., Respondent, v LUNA PARK REALTY ASSOCIATES, Defendant, and HEALTH INSURANCE PLAN OF GREATER NEW YORK, INC., Doing Business as HIP, Appellant. [634 NYS2d 502] —In an action to recover damages, *inter alia,* for breach of a lease, the defendant Health Insurance Plan of Greater New York, Inc. d/b/a HIP appeals from an order of the Supreme Court, Kings County (Garry, J.), dated May 16, 1994, which granted the plaintiff's motion for a preliminary injunction.

Ordered that the order is reversed, on the law and the facts, with costs, and the plaintiff's motion for a preliminary injunction is denied.

The plaintiff pharmacy, as tenant, leased premises in a shopping center from the defendant-landlord Luna Park Realty Associates (hereinafter Luna) in 1987. The lease included a restrictive covenant in which Luna agreed that it would not rent any other store in the shopping center to a pharmacy. All tenants then present within the shopping center were specifically excluded from the operation of the covenant. The defendant

Health Insurance Plan of Greater New York, Inc. d/b/a HIP (hereinafter HIP) had leased premises in the shopping center since 1984 for medical offices and was a tenant at the shopping center in 1987 when the plaintiff pharmacy began its tenancy under its lease with Luna. The plaintiff commenced this action in 1994, *inter alia,* to recover damages for breach of the lease, when it learned that HIP planned to operate a pharmacy at its premises. The plaintiff moved for a preliminary injunction to enjoin HIP from dispensing prescription drugs on the premises and to enjoin Luna from renting the premises to HIP for the purpose of dispensing prescription drugs.

In order to obtain a preliminary injunction, the plaintiff must show by clear and convincing evidence that it is likely to succeed on the merits of the action, that it will suffer irreparable injury absent the injunction, and that the balance of the equities is in its favor *(see, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Grant Co. v Srogi,* 52 NY2d 496, 517). We conclude that the court erred in granting injunctive relief because the plaintiff failed to establish a likelihood of success on the merits.

The restrictive covenant in the plaintiff's lease, by its express terms, did not apply to tenants, such as HIP, that were already tenants in the shopping center when the plaintiff began its tenancy. Moreover, even in the absence of this express language, the restrictive covenant would not be binding on HIP unless the plaintiff was able to establish that HIP had notice of the covenant when it entered into a lease with Luna *(see, Shoe Town [NY] v Independent Props. Co.,* 89 AD2d 674; *Fox v Congel,* 75 AD2d 681; *Deepdale Cleaners v Friedman,* 7 AD2d 926; *cf., Weiss v Mayflower Doughnut Corp.,* 1 NY2d 310). Since there is no dispute that HIP's lease preceded the plaintiff's lease by three years, HIP could not have had notice of the restrictive covenant *(see, Cromwell Hardware Long Is. Corp. v Great Atl. & Pac. Tea Co.,* 4 AD2d 690; *Mam Rest. v Rector St. Props. Assocs.,* 41 Misc 2d 487, *affd* 21 AD2d 751, *affd* 16 NY2d 623).

In light of our decision, we need not reach the plaintiff's remaining contentions. Rosenblatt, J. P., Pizzuto, Altman and Hart, JJ., concur.