■ EUROTECH DEVELOPMENT, INCORPORATED, Respondent, v ADIRONDACK PENNYSAVER, INCORPORATED, Defendant, and WILLIAM STUDLEY et al., Appellants. [636 NYS2d 956] —Peters, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered December 27, 1994 in Clinton County, which, *inter alia*, granted plaintiff's motion for summary judgment in lieu of complaint.

Defendants negotiated for the purchase of plaintiff's copying business. It was anticipated that plaintiff would shut down the business and that all of its business-related assets would be transferred to defendants including customer lists and files, artwork, computer programs and equipment, for a purchase price of $30,000. The parties executed a final purchase agreement on February 16, 1994. On that date, defendants agreed to pay plaintiff a down payment of $1,000. Defendants also executed a separate promissory note, agreeing to pay plaintiff the sum of $29,000 by June 16, 1994.

Defendants assert that immediately after signing the final agreement and the note, they learned that files of former customers and computer records in regard thereto had been withheld from them. Defendants aver that a copy of the customer lists and related information had been retained by one of plaintiff's former employees who planned to open a competing business. Based on this information, defendants contacted plaintiff's attorney before plaintiff had executed the agreement, advising him that they wanted to rescind the purchase agreement. Plaintiff nonetheless executed the agreement and retained the note.

When defendants failed to make any payment on the note, plaintiff commenced this action by moving for summary judgment in lieu of complaint. Defendants filed counterclaims asserting, *inter alia*, that the note was part of a purchase agreement that had been withdrawn prior to its consummation and that the validity of the agreement had been vitiated by fraud in the inducement and failure of consideration. Supreme Court granted plaintiff's motion for summary judgment on the note, severing defendants' counterclaims for later adjudication.

We reverse. While it is the general rule that the alleged breach of a related but independent contract will not defeat a summary judgment motion on a promissory note (*see, Logan v Williamson & Co.*, 64 AD2d 466, 469-470, *appeal dismissed* 46 NY2d 996), where "the contract and underlying obligation are intertwined, the motion must be denied" (*Regal Limousine v Allison Limousine Serv.*, 136 AD2d 534, 535). In this matter, the purchase agreement and promissory note are sufficiently "intertwined" to render the grant of summary judgment on the note premature. It appears that defendants may be entitled to rescission of the purchase agreement if their allegations of fraud in the inducement or failure of consideration can be proven. Hence triable issues of fact exist here, rendering reversal appropriate so that the entire matter can be fully reviewed and equitably resolved by Supreme Court (*see, Caliendo v Sutherland*, 92 AD2d 690, 691).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.