■ THREE FEATHERS, INC., Appellant, v JAMES W. ROEMER, JR., Defendant and Third-Party Plaintiff-Respondent, and ROEMER & FEATHERSTONHAUGH, P. C., Respondent. JAMES D. FEATHERSTONHAUGH, Third-Party Defendant-Appellant. [704 NYS2d 746] —Crew III, J. Appeals from an order and an amended order of the Supreme Court (Hughes, J.), entered November 25, 1998 and December 2, 1998 in Albany County, which, *inter alia*, denied plaintiff's motion for summary judgment in lieu of complaint and denied third-party defendant's cross motion to dismiss the third-party complaint.

Defendant James W. Roemer, Jr. and third-party defendant James D. Featherstonhaugh were partners in a law firm established in 1976. In 1984, they converted the partnership to a professional corporation, defendant Roemer and Featherstonhaugh, P. C. (hereinafter R & F). In January 1993, Roemer executed an agreement that guaranteed Chemical Bank payment of any and all liabilities then existing or thereafter incurred by R & F. In August 1994, Chemical Bank granted a revolving credit loan to R & F secured by a promissory note. The credit loan agreement was signed by Roemer and Featherstonhaugh and provided for an absolute unconditional guarantee, which waived any legal or equitable defenses. Finally, in February 1995, Roemer executed another guarantee, again guaranteeing

payment to Chemical Bank of any and all liabilities then existing or thereafter incurred and, again, waiving any and all defenses.

Shortly before Roemer signed the second guarantee, Featherstonhaugh announced his resignation from R & F to take effect in June 1995. Thereafter, on February 12, 1996, plaintiff, a subchapter S corporation owned by Featherstonhaugh and his wife, purchased R & F's promissory note and revolving credit agreement from Chemical Bank. On February 16, 1996, plaintiff declared R & F to be in default and demanded the entire amount due on the promissory note. When payment was not forthcoming, plaintiff commenced this action by way of a summons and notice of motion for summary judgment in lieu of complaint against Roemer, based upon his guarantees. Thereafter, Roemer commenced a third-party action against Featherstonhaugh by service of a summons and motion for summary judgment in lieu of third-party complaint. Featherstonhaugh then cross-moved for summary judgment dismissing the third-party complaint and R & F moved to intervene as a party defendant. Supreme Court granted R & F's motion to intervene and denied plaintiff's and Roemer's motions for summary judgment, as well as Featherstonhaugh's cross motion to dismiss the third-party complaint. These appeals by plaintiff and Featherstonhaugh ensued.

As a starting point, we agree that plaintiff made out a prima facie case for summary judgment based upon Roemer's guarantee as it established the existence of the underlying promissory note, the guarantee and R & F's failure to pay after demand for payment (*see, Money Store v Kuprianchik*, 240 AD2d 398). Equally persuasive is plaintiff's and Featherstonhaugh's contention that Supreme Court erred in finding the existence of questions of fact as to whether plaintiff is subject to the defenses of fraud in the inducement, misappropriation and diversion of income and bad-faith impairment of collateral. Nothing in the record before us reveals that plaintiff took the instruments in question with notice of any defense or claim against them, and the assertion that Featherstonhaugh fraudulently induced Roemer to enter into the various agreements with Chemical Bank does not constitute a defense against Chemical Bank from whom plaintiff took the instruments. Accordingly, plaintiff is a holder in due course of those negotiable instruments free of the foregoing defenses raised by Roemer and R & F (*see*, UCC 3-302, 3-305). Furthermore, contrary to the contentions of Roemer and R & F, such defenses are not so intertwined with the promissory note and guarantees

as to render a grant of summary judgment premature (*compare*, *Eurotech Dev. v Adirondack Pennysaver*, 224 AD2d 738, 739).

We arrive at a different conclusion, however, with regard to the defense of champerty. Judiciary Law § 489 prohibits a corporation from taking a "promissory note * * * or other thing in action * * * with the intent and for the purpose of bringing an action or proceeding thereon," and the intent and purpose of a purchaser usually is a question of fact (*see, Fairchild Hiller Corp. v McDonnell Douglas Corp.*, 28 NY2d 325, 330). Here, there clearly is a question of fact as to whether plaintiff purchased the instruments in question for the sole purpose of bringing an action thereon against Roemer and, as such, plaintiff's motion for summary judgment was properly denied. As a final matter, we note that R & F has raised a material issue of fact with regard to the alleged default on the promissory note. We have considered the remaining contentions of plaintiff and Featherstonhaugh and find them to be without merit.

Cardona, P. J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the order and amended order are affirmed, without costs.