Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 28, 2011, against defendants in the total amount of $6,042,751.23, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered October 26, 2011, which granted plaintiffs motion for summary judgment in lieu of complaint and directed entry of judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff made a prima facie showing of its entitlement to *523 judgment as a matter of law by proffering defendants’ unconditional guaranty, an instrument for the payment of money only, and an affidavit from plaintiffs managing director explaining defendants’ default (see Weissman v Sinorm Deli, 88 NY2d 437, 444 [1996]; Bank of Am., N.A. v Solow, 59 AD3d 304, 304 [1st Dept 2009], lv dismissed 12 NY3d 877 [2009]).
Defendants failed to raise a triable issue of fact as to the enforceability of the guaranty, as their contentions are entirely premised upon the alleged unenforceability of the underlying note. These arguments are unavailing, given that the guaranty is a “separate undertaking” (American Trading Co. v Fish, 42 NY2d 20, 26 [1977]) and a “self-standing documentt ]” (European Am. Bank v Competition Motors, 182 AD2d 67, 72 [2d Dept 1992]; see Eurotech Dev. v Adirondack Pennysaver, 224 AD2d 738, 739 [3d Dept 1996]). Moreover, paragraph five of the guaranty explicitly disclaims defenses pertaining to the “invalidity, irregularity or unenforceability” of the note (see Citibank v Plapinger, 66 NY2d 90, 93 [1985]; Lloyds Bank v McCormick & Pryor, 235 AD2d 292 [1st Dept 1997]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Clark, JJ.