'(140 App. Div. 240.)

### McCARTHY et al. v. HEISELMAN et al.

(Supreme Court, Appellate Division, Second Department.   October 20, 1910.)

.1. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS—MOTION.

On motion for judgment on the pleadings, the complaint must be searched as on demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1075; Dec. Dig. § 350.*]

:2. PLEADING (§ 193*)—COMPLAINT—DEMURRER.

A complaint is not demurrable merely because its allegations are imperfect or informal, and it will be deemed to allege whatever can be implied from its statements by fair and reasonable intendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 428, 433; Dec. Dig. § 193.*]

:3. TROVER AND CONVERSION (§ 3*)—ELEMENTS—INTENT.

Evil intent is not the essence of conversion which may result from the exercise of an unlawful dominion over the property in good faith.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 21–24; Dec. Dig. § 3.*]

·4. TROVER AND CONVERSION (§ 32*)—PLEADING—REQUISITES.

Where a complaint for conversion shows receipt or possession of the property by defendant, it is not necessary to specify in detail the tortious acts of dominion exercised by defendant; a mere statement that he "converted it to his own use" being sufficient.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 191–202; Dec. Dig. § 32.*]

:5. MONEY RECEIVED (§ 17*)—PLEADING—SUFFICIENCY.

A complaint that defendant infant was hired by plaintiffs with the consent of defendant parents, that he turned over his wages to his parents, that in the course of his employment he took money from plaintiffs without their knowledge or consent, and "converted it to the use of the defendants," is insufficient to charge the parents with money had and received.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 54–68; Dec. Dig. § 17.*]

·6. TROVER AND CONVERSION (§ 32*)—COMPLAINT—SUFFICIENCY.

The complaint states a good cause of action for conversion by the infant, but not as against his parents.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 191–202; Dec. Dig. § 32.*]

7. PARENT AND CHILD (§ 13*)—TORTS OF CHILD—PARENTS' LIABILITY.

Generally at common law a parent is not liable for the torts of his child without some participation on his part in the unlawful act.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 145–151; Dec. Dig. § 13.*]

8. PARENT AND CHILD (§ 13*)—TORTS OF CHILD—PARTICIPATION BY PARENT—PROOF.

To charge a parent with his child's tort, the parent's participation must be alleged and proved; it not being presumed as a matter of law from the relationship.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 145–151; Dec. Dig. § 13.*]

9. PARENT AND CHILD (§ 13*)—TORTS OF CHILD—PLAINTIFFS' LIABILITY—PLEADING—SUFFICIENCY.

That defendants' infant entered plaintiffs' employ with defendants' consent, and he turned over his wages to them, did not make him the

─────────────────────────────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agent or servant of defendants, so as to charge them with liability for his conversion of the employers' money.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 145–151; Dec. Dig. § 13.*]

Appeal from Special Term, Kings County.

Action by John F. McCarthy and others, partners as McCarthy Bros., against Harry Heiselman and others. From an order refusing judgment on the pleadings, defendants John Heiselman and another appeal. Order reversed, and motion granted conditionally.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

David J. Wagner, for appellants.
Martin Byrne, for respondents.

CARR, J. This action is to recover for an unlawful conversion of moneys belonging to the plaintiffs. There are three defendants. One is a boy, under age, and the other two are his parents. The complaint alleges that the boy was hired by the plaintiffs to work in their store with the consent of the parents, and that during the employment he turned over his wages to them. It then alleges that the boy from time to time "in the due course and line of his employment and without the knowledge or consent of the plaintiffs, * * * took from the possession of the plaintiffs and unlawfully and illegally retained and kept, *and converted to the use of the defendants,*" (italics ours) "various small sums of money, aggregating, however, to about $1,000." The defendant parents have moved for judgment on the pleadings, claiming that, as against them, the complaint states no cause of action. On a motion of this character the complaint is to be searched as on demurrer. A demurrer cannot be sustained simply because the facts in a complaint are averred imperfectly or informally, but the pleading will be deemed to allege whatever can be implied from its statements by fair and reasonable intendment. Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9.

It will be noted that the complaint does not state that the parents have received from the boy the moneys which he stole, nor aver that the stealing was done at their suggestion or with their consent. The pleading does state that the boy gave his wages to the parents, and the pleaders contend that there is a fair implication that he likewise turned over his stealings to them. To hold this would push the doctrine of fair intendment or implication to an absurd length. It is clearly not permissible here. It is true that the essence of a conversion is not an evil intent, and that the exercise of an unlawful dominion over the chattel or personal property, even in good faith, may constitute a conversion. Boyce v. Brockway, 31 N. Y. 490. And, where a complaint sets forth the receipt or possession of the chattel by the defendant in order to charge conversion, it is not necessary to specify in detail the tortious acts of dominion exercised by the defendant, and a mere statement that he "converted it to his own use" will be held sufficient. Decker v. Mathews, 12 N. Y. 313.

---

Yet, in this pleading, the charge is that the boy converted the moneys, not simply to his own use, but "to the use of the defendants," including himself and his parents. As to them, there is no allegation of a taking or possession on their part on which can be based any implication of the exercise by them of a dominion over the chattels. If, however, the action be treated as one for money had and received, there is likewise no sufficient allegation in the complaint that the parents ever received and had the moneys in question. The complaint states a good cause of action for conversion by the boy, but none as against the parents, unless they are to be held liable for the boy's tort. The general rule of the common law is that a parent is not liable for the torts of a child without some participation on his part in the unlawful act. Tifft v. Tifft, 4 Denio, 175; 29 Cyc. 1665. Such participation is to be alleged and proved. It is not presumed, as a matter of law, from the simple relation of parent and child.

The facts of the case as developed on a trial may give rise to a presumption of fact, as in Beedy v. Reding, 16 Me. 362, and Hower v. Ulrich, 156 Pa. 410, 27 Atl. 37. In both these cases the parent was held liable for the trover of minor children who carried away wood and and corn from third persons, and the parent kept and used the articles. These cases were decided, however, on the theory that the parent by his acts had either constituted the child as his agent or had subsequently ratified an implied agency. The liability arose clearly not from the relation of parent, but from the principles of agency. In the pleading before us, there is no fact alleged to indicate any agency of the boy for the parents in the conversion or the disposition of the proceeds of the conversion. Was the boy in this case, while employed by the plaintiffs, the agent of his parents in any aspect? It is true he went into the plaintiffs' service with the consent of his parents, and turned over his wages to them. This fact alone does not make him the servant of his parents while engaged in the service of another. To hold otherwise would enlarge the scope of a parent's liability for the torts of a child beyond reasonable limits, and lead to a result not only most inconvenient, but contrary to the common understanding.

The order should be reversed with $10 costs and disbursements, and the motion for judgment granted, unless within 20 days the plaintiffs apply at Special Term and obtain leave to serve an amended complaint. All concur.