ISAAC WEINER, Appellant, *v.* WEINBERG & WITT, INC., Respondent.

Supreme Court, Appellate Term, First Department, June 29, 1925.

Parent and child — action by father of infant for compensation for work, labor and services rendered by infant to defendant — parent entitled to recover for wages where child served out his term of employment, in absence of flagrant acts of dishonesty — defendant not entitled to affirmative judgment on counterclaim predicated on delivery of goods to imposter in absence of proof that parent was guilty of conversion — parent did not constitute son his agent in committing tort.

The father of an infant, in an action for compensation for work, labor and services rendered by said infant to defendant, is entitled to recover for said services where it appears that the child served out his term of employment and there is nothing to indicate that the child did anything during his employment that seriously affected the master's interests.

The defendant master, however, is not entitled to an affirmative judgment on his counterclaim for conversion of merchandise intrusted to the infant and delivered to an imposter, in the absence of any allegation or proof that the parent by his act had ever constituted the child his agent in committing the tort or had subsequently ratified an implied agency, or was guilty of conversion.

APPEAL by plaintiff from judgment of the Municipal Court, Borough of The Bronx, Second District, entered in favor of defendant for the sum of eighty-three dollars and three cents.

*Maurice Bernhardt,* for the appellant.

*Mitchell W. Alexander,* for the respondent.

LEVY, J.:

The father of an infant has brought this action in his own name on the theory that he is entitled to compensation for work, labor and services rendered by the infant to the defendant. No formal complaint accompanied the summons, but the substance of the action as indorsed on it is for wages from September 22 to October 24, 1924, in the sum of twenty-four dollars. Defendant interposed a general denial and a " counterclaim for $91.81 for conversion of merchandise, entrusted to plaintiff's infant son, Julius Weiner, on September 24, 1924." It appeared at the trial that the infant in the course of his employment was intrusted with certain packages to deliver. At the subway station he met a man who told him he was the party for whom the package was intended, and he delivered to that person, who, it appears, was an impostor. Affirmative judgment was rendered against the plaintiff for eighty-three dollars and three cents, apparently for the difference between the demand and the counterclaim, with costs.

It is not entirely clear that a counterclaim of this nature for conversion in an action for services can be justified under the provisions of section 266 of the Civil Practice Act. But even if sections 84 and 85 of the Municipal Court Code should be interpreted to be more liberal, in this respect, than section 266 of the Civil Practice Act, it would, nevertheless, follow that the plaintiff is entitled to recover for the wages under the rule in *Turner* v. *Kouwenhoven* (100 N. Y. 115). In that case the Court of Appeals (at p. 119) said: " The rule is well settled in this State that if the master, for good and sufficient cause, discharge the servant before the expiration of the term of service; or if the servant, without good cause, quit service before the end of the term, he can recover nothing for the part of the term passed, nor for the future. But where the servant has served his full term this rule has no application and has never been upheld by the decisions of the courts. * * * Flagrant acts of dishonesty or crime, which seriously affect the master's interest, continued during the service, might well be regarded as a bar to the recovery of wages, although the amount received and fraudulently appropriated might be far less than the amount fixed by the contract."

There being no evidence of such flagrant acts of dishonesty or crime here, and the servant having completed his term of employment, his father became entitled to his wages.

In no event, however, was the defendant entitled to an affirma-

tive judgment on the counterclaim.   There was no allegation or proof that the parent was guilty of conversion, and no evidence that the plaintiff by his act had either constituted the child as his agent in committing the tort or had subsequently ratified an implied agency; and no proof that the parent had received any of the proceeds of the conversion.   (*McCarthy* v. *Heiselman,* 140 App. Div. 240.)   It is true that the boy went into the defendant's service with the consent of his father, who supported him and was entitled to his wages.   But this fact alone does not make him the agent of the father while engaged in the service of another so as to make the parent responsible for his acts of malfeasance or misfeasance. The claim for services rendered by the infant was not disputed, and the defendant kept him in its employ for over a week after it had knowledge of the alleged misdelivery or " conversion " which is the subject of the counterclaim.

Judgment reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.·

All concur; present, BIJUR, MCGOLDRICK and LEVY, JJ.