MICHAEL HALLORAN et al., Appellants, *v.* N. & C. CON-
TRACTING COMPANY, Respondent.

(Argued October 26, 1928; decided November 27, 1928.)

*Lemuel Skidmore* for appellants. Section 861 of the Penal Law does not apply to the contract in suit. (*People v. Hewson*, 224 N. Y. 136; *People v. Duplan Silk Corporation*, 208 App. Div. 435; *People v. Sturgis*, 121 App. Div. 407; *Woolcott v. Shubert*, 217 N. Y. 212; *People v. Ericson*, 147 N. Y. Supp. 226.) Evidence of the oral agreement was properly before the court and jury. (*Mitchill v. Lath*, 247 N. Y. 377; *Chapin v. Dobson*, 78 N. Y. 74; *Routledge v. Worthington Co.*, 119 N. Y. 592; *Sire v. Rumbold*, 14 N. Y. Supp. 925; *Tobey v. Mattimore*, 54 Misc. Rep. 231; *Schweig v. Manhattan Leasing Co.*, 54 Misc. Rep. 233; *Brady v. Nally*, 151 N. Y. 258; *Guinzburg v. Blustein*, 121 Misc. Rep. 784; *Karpf v. Borgenicht*, 65 Misc. Rep. 592.)

*Irving Schneider* for respondent. Assuming for the purposes of argument that the contract was not illegal, the appellants could nevertheless have had no recovery upon the theory of their complaint, and the evidence as to damages received by the court below was entirely improper. (*Dodds v. Hakes*, 114 N. Y. 260; *Mack v. Patchin*, 42 N. Y. 169; *Lieberman v. Graf Realty Holding Co., Inc.*, 174 App. Div. 774; *Schwartz v. Minsker Realty Co.*, 166 App. Div. 681; *Friedland v. Myers*, 139 N. Y. 432; *Academy of Music v. Hackett*, 2 Hilt. 217; *Marsh v. McNair*, 99 N. Y. 174; *Collander v. Dinsmore*, 55 N. Y. 200; *Interstate Chemical Corporation v. Duke*, 176 App. Div. 684; *Leavitt v. De Vries*, 127 App. Div. 721.)

CRANE, J. On the 21st day of November, 1922, the defendant leased to the plaintiffs a space twelve feet by ten feet on the northeast corner of premises located at Grand Concourse and Miriam street, in the borough of The Bronx, city of New York, for the term of five years, at a rental of $500 payable in equal monthly installments. The buildings were then in the course of construction so that the rent was to commence when the buildings

were completed and ready for occupancy. The rented space was to be used as an office and for the sale and distribution by the plaintiffs of ice in their business as retail ice dealers. The lease is in the usual form with the usual covenants upon the part of landlord and tenant. Nothing whatever is contained in the lease with reference to any privilege given to the plaintiffs to solicit customers in the building. There were four or five apartment buildings going up at this time, in one of which the plaintiffs were to have this corner office. The plaintiffs claim that at the time of the making of this lease the defendant made an oral agreement with them to give them the exclusive privilege for five years of soliciting ice from the many tenants of these apartment houses.

The defendant sold the property and the plaintiffs were not given possession of the rented space. The lease was not recorded. They have brought this action to recover the loss of profits which would have been made out of the oral contract of an exclusive privilege for the sale of ice.

On the trial the plaintiffs were awarded a verdict of $4,000, which the trial justice set aside, granting a new trial. The Appellate Division, upon reargument, affirmed this action of the trial judge, and the case comes here under the provision of the Civil Practice Act, as of right, where the appeal is from an order of the Appellate Division, granting a new trial, the appellants having stipulated that upon affirmance judgment absolute shall be rendered against them. The order of the Appellate Division states that the affirmance is upon questions of law only, the facts having been examined and no error found therein. The affirmance by the Appellate Division of the order of the trial judge setting aside the verdict and granting a new trial is considered by this court the same as if the Appellate Division had granted a new trial, pursuant to section 588 of the Civil Practice Act.

Upon the trial, the trial justice did two things. He

excluded all evidence offered by the plaintiffs to prove the oral agreement above mentioned, and then permitted evidence as to the value of the contract or exclusive privilege. The plaintiffs upon this question of damage offered testimony as to the number of tenants in the building; the likelihood of their taking ice, and the value of their trade.

The judge was right in excluding the oral testimony. The alleged contract to grant the exclusive privilege to solicit customers in the apartment houses was not a contract separate and distinct from the lease; it was part and parcel of the lease. To permit the oral testimony of any such agreement would have been adding to or varying the terms of a written instrument. The lease contains no reference to the privilege and yet the testimony is that the lease would not have been made if the privilege had not been given; that the oral contract was part of the consideration. A covenant of a lessor to furnish heat or elevator service, or to make repairs, is no more a part of the lease than would be his covenant to permit a lessee an exclusive privilege in the premises. All would form part and parcel of one transaction, and part of the consideration. To prove such a contract by oral testimony comes within the condemnation of *Mitchill* v. *Lath* (247 N. Y. 377).

Having excluded proof of the oral contract, the judge should not have taken any proof of damages based upon the contract. Having done so, the defendant cross-examined the witnesses regarding the ice business and the sale of ice to tenants, and in so doing brought out much that the plaintiffs tried to prove. The appellants' claim now is that the defendant in cross-examination proved the oral contract. I do not think so. The extent of the proof on cross-examination was that there was an understanding and agreement by the lessor, that no other retail ice dealers were to be permitted to enter said premises to solicit business, and that the lessor was to

advise said tenants that the plaintiffs were the ice dealers recognized by the management. This does not prove a contract. It is too indefinite. It fails to state the length of time such a privilege was to continue. The appellants do not claim that it was to continue for a reasonable time, but for a period of five years. This was not proved even on cross-examination. Neither was there any proof as to what a reasonable time would be. The cross-examination fails to establish the plaintiffs' alleged oral contract, as stated in the complaint.

The oral contract or agreement, if to continue for a period of five years as alleged in the complaint, was within the Statute of Frauds (Personal Property Law, chap. 31; Cons. Laws, ch. 41), which requires that a contract not to be performed within a year from the making thereof must be in writing. (See, also, *McGirr* v. *Campbell*, 71 App. Div. 83.) The Statute of Frauds was not pleaded in the answer and not raised upon the trial, so that I suppose we are obliged to disregard the question. I mentioned the fact, however, to indicate that the plaintiffs are attempting to succeed, not upon the merits of their cause, but upon the errors of their opponent; attempting to establish the oral contract out of a cross-examination and rescue it from the Statute of Frauds, through a failure in pleading.

The order of the Appellate Division should be affirmed and judgment absolute ordered against appellants on the stipulation, with costs in all courts.

CARDOZO, Ch. J. (concurring in result). If it be assumed that parol evidence of a promise to give the plaintiffs an exclusive privilege was properly received, the record is silent as to the existence of a consideration therefor.

There is nothing to show when the promise was made, whether before the execution of the lease or afterwards.

For all that appears, it was merely a voluntary concession, granted as a favor to one who was an actual or prospective tenant, and thus subject to recall.

In such circumstances I find it unnecessary to consider the validity of Penal Law (§ 861) or its application to the case before us.

POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur with CRANE, J.; CARDOZO, Ch. J., concurs in result in memorandum in which all concur.

Ordered accordingly.