MICHAEL DIGENNARO, Plaintiff, *v.* GUSSIE BUILDING CORPORATION and Others, Defendants.

City Court of New York, Bronx County, January 4, 1932.

*Robert L. Levinson,* for the plaintiff.

*Henry Lichtig,* for the defendants.

DONNELLY, J. The following facts are gleaned from the pleadings: At the times hereinafter mentioned, the defendant Peggy Realty Co., Inc., and the defendant Gussie Building Corporation were the owners, respectively, of apartment houses located at 1710 Davidson avenue and at 1703–1705 Davidson avenue, in Bronx county, and the defendant Fass was a duly authorized officer and agent of each of said corporations. In October, 1928, plaintiff entered into a contract with the defendants whereby it was mutually agreed between the parties that the defendants, for the sum of $600, should give and grant to the plaintiff the sole right and all rights and concessions to supply ice to the tenants of the apartment house owned by the defendant Peggy Realty Co., Inc., for the period of five years commencing October, 1928. In March, 1929, for the sum of $800, a similar concession was given by the defendants to plaintiff to supply ice to the tenants of the apartment house owned by the defendant Gussie Building Corporation for the period of five years commencing March, 1929. Pursuant to these contracts, and at the times they were made, plaintiff paid in cash to the defendants $600 and $800. In or about January, 1930, the defendants began the installation of Frigidaires throughout the respective apartment houses, whereupon, according to plaintiff, the tenants no longer needed ice from him, and, for the breach of the agreements, he demands as damages the profits he claims he should have realized under the contract made in October, 1928, the sum of $1,000, and, under the contract made in March, 1929, the sum of $2,000.

The answers of the defendants put in issue the material allegations of the complaint, and set up the defenses: (1) That neither agreement by its terms was to be performed within one year from the making thereof and no note or memorandum thereof was ever made in writing and subscribed by either defendant or its agent; (2) that the agreements are illegal and void and contrary to public policy.

By section 861 of the Penal Law (as amd. by Laws of 1931, chap. 664, in effect Sept. 1, 1931, matter in italics new) it is provided: " Agreements or contracts for privileges to deal with occupants of tenements or apartment houses. 1. A contract, agreement or arrangement entered into or executed by and between the owner

*or prospective owner* of an apartment house or a tenement, *whether such apartment house or tenement is in existence or in process of construction or to be constructed in the future,* or any of *the* agents, employees or servants *of such an owner* and a dealer in or seller of fuel, ice or food, or his agents, employees or representatives for the purpose of giving to such dealer or seller the privilege of selling or delivering fuel, ice or food, to the persons occupying *or to occupy* such apartment house or tenement is against public policy and void." So far as I have been able to discover, the precise question involved herein has never been definitely decided. In *Halloran* v. *N. & C. Contracting Co.* (249 N. Y. 381) it was held that an alleged contract to grant to lessees of space in an apartment house the exclusive privilege to solicit customers therein for orders for ice is not separate and distinct from the lease but a part and parcel thereof, and that, in an action to recover for breach of such a contract, oral testimony thereof was properly excluded. CARDOZO, Ch. J., concurring in result, said: "For all that appears, it was merely a voluntary concession, granted as a favor to one who was an actual or prospective tenant, and thus subject to recall. In such circumstances I find it unnecessary to consider the validity of Penal Law (§ 861) or its application to the case before us." When the case was before the Appellate Division, a majority of the court held, upon reargument, that under section 861 of the Penal Law, the oral contract set forth in the complaint was void. LAZANSKY, P. J., in a very brief dissenting memorandum, concurred in result, and merely expressed himself to be of the belief that the statute is unconstitutional. That question, however, was not passed upon in the prevailing opinion (223 App. Div. 721, 723).

It is a fair inference that between the dates of the respective agreements and the time when the defendants began the installation of the Frigidaires, the plaintiff and the defendants were working under the agreements; the plaintiff supplying the ice to the tenants and the defendants giving him the exclusive privilege so to do. When parties to an agreement have started a business and assumed responsibilities, they are estopped as to each other from avoiding the agreement under the Statute of Frauds. (*Dwight* v. *Williams,* 25 Misc. 667.) Although perhaps not accurately drawn to do so, the complaint at least alleges sufficient facts from which a cause of action for money had and received may be inferred, and for that reason it should not be dismissed. (*McCarthy* v. *Heiselman,* 140 App. Div. 240; *Crotty* v. *Erie Railroad Co.,* 149 id. 262; *Peterson* v. *Eighmie,* 175 id. 113.)

Motion denied, with ten dollars costs.