■ DANISH MAID, INC., Respondent, v. SOUTH BAY CENTER, INC., Appellant, et al., Defendants.— In an action to recover damages for breach of a restrictive covenant in a lease (first cause of action) and -for conspiracy and fraud in inducing the execution of the lease (second cause of action), the defendant South Bay Center, Inc., appeals from so much of a judgment of the Supreme Court, Nassau County, entered October 16, 1959, after trial before a Special Referee, as is in favor of plaintiff on its first cause of action. The second cause of action was dismissed. Judgment insofar as appealed from reversed on the law and the facts, with costs, and amended complaint dismissed. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. Plaintiff as lessee maintained an " on premises " bake shop in one of the stores in a shopping center constructed and owned by defendant, South Bay, the lessor. Under the lease, dated May 13, 1955, between plaintiff's assignor, Danish Chef, Inc., as tenant, and South Bay, as landlord, the latter covenanted not to rent other space in the shopping center for an " on premises " bakery, but reserved the right to rent other stores which might sell the same articles as sold by the tenant as an incident to or in departments of such other stores. About a year later, on May 23, 1956, Danish Chef, Inc., assigned the lease to plaintiff, Danish Maid, Inc. Both these corporations are entirely owned and controlled by the same individual, Maurice K. Gottfried. About a year prior to the execution of the lease with plaintiff's assignor, however, and more specifically on June 29, 1954, South Bay had leased out another store for supermarket use, including the preparation and sale of bakery products thereon. Such supermarket lease consisted of a short-form lease and a long-form lease. The short-form was recorded on July 22, 1954. It made specific reference to the long-form lease for more detailed terms of the letting. The proof shows and we find that plaintiff and its assignor, through Mr. Gottfried, had actual knowledge of the terms of the short-form supermarket lease and that such short-form lease specifically described the use of the demised store as including the preparation and sale of bakery products. Pursuant to such lease (short and long forms), the supermarket, in one of its departments, bakes and sells bakery products which are similar to or identical with the products baked and sold by plaintiff. The cause of action for conspiracy and fraud was properly dismissed, and no appeal is taken in connection therewith. Accordingly, the evidence as to oral negotiations leading to the execution of plaintiff's lease must be disregarded, such negotiations having merged into the written lease and disappeared. (*Halloran* v. *N. & C. Contr. Co.*, 249 N. Y. 381, 384; *Fogelson* v. *Rackfay Constr. Co.*, 300 N. Y. 334, 340.) The short-form lease with the supermarket lessee, of which plaintiff had actual knowledge, permitted the lessee thereunder to operate a bakery on the premises and to offer the resulting bakery products for sale in a department of its supermarket. Under such circumstances, plaintiff's assignor must be held to have executed its lease and plaintiff must be held to have accepted its assignment of said lease subject to such provision of the supermarket lease. (*Thomas* v. *Winchester,* 6 N. Y. 397, 411; *Matter of Lazarus* [*Corsi*], 268 App. Div. 547, 554, affd. 294 N. Y. 613; *Weiss* v. *Mayflower Doughnut Corp.,* 1 N Y 2d 310, 316). Nolan, P. J., Ughetta, Pette and Brennan, JJ., concur.