■ CARRIE ROBINSON, Respondent, v JULIA ROBINSON, Defendant, and CHARLES ZOLOT, Appellant. [757 NYS2d 13] —Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered September 9, 2002, which, to the extent appealed from, denied defendant-appellant's motion to dismiss the complaint against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against him.

This action arose from a dispute between plaintiff and defendant Julia Robinson over the estate of decedent Odell Robinson, plaintiff's father and Julia's husband. In an effort to resolve the dispute, plaintiff, who was represented by counsel, and Julia entered into a written agreement that provided that Julia would pay plaintiff $68,000 from the proceeds of the sale or refinancing of real property in exchange for a written release of plaintiff's claims against the estate. That property was the principal, if not the only, asset of Odell Robinson's estate, The agreement also provided that appellant Zolot, an attorney who represented Julia in her capacity as the administratrix of the estate, would hold plaintiff's release in escrow until plaintiff had received the $68,000 payment from Julia. Specifically, the agreement provides in relevant part that:

"1. Carrie Robinson agrees to accept the sum of $68,000 in full and complete satisfaction of any claim she might have against the Estate of Odell Robinson, (Estate) in the property known as 37-50 100th Street, Corona, New York, with said payment to be made * * * within 60 days of the execution of this Agreement. * * *

"3. Carrie Robinson also agrees to execute a General Release in the form annexed to this Agreement releasing both Julia Robinson and the Estate of Odell Robinson from any and all other claims she might otherwise have in the property of the estate * * *. Said release shall be held in escrow by the attorney for the Estate of Odell Robinson, Charles Zolot, Esq. until Carrie is in receipt of the agreed upon sum of $68,000."

Although plaintiff executed the release and delivered it to appellant and although Julia obtained a mortgage on the property, which netted $77,574.68, Julia has yet to pay plaintiff the $68,000 due under the agreement.

Plaintiff brought this action, alleging breach of contract and conversion against Julia and breach of his obligations as escrow agent against appellant. Appellant moved to dismiss the complaint against him based upon documentary evidence pursuant to CPLR 3211 (a) (1). Plaintiff filed a cross motion for summary judgment. Supreme Court denied both motions. Defendant-appellant Zolot appeals from the denial of his motion.

On a motion to dismiss pursuant to CPLR 3211 (a) (1), the defendant has the burden of demonstrating that the documentary evidence conclusively resolves all factual issues and that plaintiff's claims fail as a matter of law (see *Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383 [2002]). While a complaint is to be liberally construed in favor of plaintiff on a CPLR 3211 motion to dismiss, the court is not required to accept factual allegations that are plainly contradicted by the documentary evidence or legal conclusions that are unsupportable based upon the undisputed facts (see e.g. *Igarashi v Higashi*, 289 AD2d 128 [2001]; *Scott v Bell Atl. Corp.*, 282 AD2d 180 [2001], *mod on other grounds* 98 NY2d 314 [2002]). The documentary evidence in this case amply demonstrates that plaintiff's claims against appellant are unsupportable.

The complaint alleges that appellant agreed to act as escrow agent "to insure the payment" of the $68,000 owed by Julia to plaintiff pursuant to the agreement, and that he violated his duties as escrow agent by "failing to secure the payments to Plaintiff." However, the agreement neither states nor in any way suggests that appellant had any obligation to insure payment of the $68,000 or to hold any money in escrow for the benefit of plaintiff or anyone else. Nothing in any of the documents submitted by appellant or plaintiff, including correspondence between appellant and plaintiff's attorney, in any way suggests that appellant had any obligation to plaintiff other than to hold the release, which, according to his undisputed af-

fidavit, he has done and continues to do. Nor is there any relationship between appellant and plaintiff that would give rise to any additional obligation. Appellant represented Julia and the Odell Robinson estate, not plaintiff. And, despite plaintiff's suggestions to the contrary, appellant's representation of Julia in her capacity as administratrix of the estate did not empower or obligate him to insure or force Julia to pay the money she owed to plaintiff under the terms of the agreement.*

Since the agreement does not purport to create an escrow fund for the $68,000, and since appellant has and continues to fulfill his escrowee obligation to hold plaintiff's release until she receives the payment called for under the agreement, and since the documentary evidence demonstrates that appellant has breached no obligation to plaintiff, appellant's motion to dismiss the complaint should be granted. Concur—Andrias, J.P., Saxe, Rosenberger, Williams and Gonzalez, JJ.