Fratelli's Pizza and Restaurant Corp., Appellant, v Kayzee Realty Corp. et al., Respondents. [902 NYS2d 534]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered October 8, 2008, which granted defendants' motion to dismiss the complaint based on documentary evidence, unanimously affirmed, without costs.

On March 20, 2006, plaintiff and defendant landlord entered into a lease extension, for a term commencing June 1, 2010 and ending May 31, 2026, that provides: "Landlord shall not rent [certain specified nearby premises] to any party who offers for sale the same type of food sold by [plaintiff] and if a tenant occupying one of these premises commences the sale of prohibitive [sic] foodstuffs, landlord shall take steps necessary to have tenant cease and desist from those sales." The complaint seeks injunctive relief, alleging that defendant tenant occupies one of the premises specified in the lease extension and is selling the same type of food as plaintiff. In support of dismissal, defendants landlord and tenant, who appear together, rely on the fact that their lease, which is dated January 5, 2006 and is for the term "which shall commence on January, 2005 [sic] . . . and shall expire on December 31, 2019," preexists plaintiff's lease extension, and argue that, as a matter of law, the restrictive covenant in the lease extension cannot be enforced against a "prior tenant," i.e., that the covenant can be enforced only prospectively from its March 2006 execution date, if not its June 2010 commencement date.

We hold as a matter of law that the subject restrictive covenant cannot be enforced against a competing tenant whose lease predates the covenant's execution, absent evidence that the competing tenant's lease is falsely dated, or that the competing tenant, before entering into its lease, had notice of the landlord's intention to enter into the covenant (see L'Art de Jewel Ltd. v Hudson Sheraton Corp., LLC, 46 AD3d 418, 420 [2007]; Key Drug Co. v Luna Park Realty Assoc., 221 AD2d 598, 599 [1995]). It does not avail plaintiff that its complaint, liberally construed,

conclusorily alleges that defendant tenant is a "subsequent lessee"; i.e, that defendant tenant entered into its lease with "full knowledge" of the restrictive covenant (*see Robinson v Robinson*, 303 AD2d 234, 235 [2003] [factual allegations in complaint plainly contradicted by documentary evidence need not be accepted as true on motion to dismiss]). In addition, guided by the principles that restrictive covenants in leases, such as use clauses, are "strictly construed against those seeking to enforce them" and that "where there are two equally plausible interpretations of a restrictive covenant, the less restrictive interpretation will be adopted" (*Bear Mtn. Books v Woodbury Common Partners*, 232 AD2d 595, 596 [1996], *lv denied* 90 NY2d 808 [1997]), we find that the language of the subject restrictive covenant is consistent with its prospective application (*cf. L'Art de Jewel*, 46 AD3d at 419), and that the parties did not intend the covenant to apply to tenants with preexisting leases. Concur—Andrias, Saxe and McGuire, JJ.

Tom, J.P., and Manzanet-Daniels, J., concur in a separate memorandum by Tom, J.P., as follows: On March 20, 2006, plaintiff, a tenant of defendant Kayzee Realty Corporation under a 10-year lease commencing in April 2000, entered into an agreement commencing June 1, 2010 "extending" its lease "for 16 additional years" until May 31, 2026. This lease extension contains a restrictive covenant that provides: "Landlord shall not rent [certain specified nearby premises] to any party who offers for sale the same type of food sold by [plaintiff] and if a tenant occupying one of these premises commences the sale of prohibitive [*sic*] foodstuffs, landlord shall take steps necessary to have tenant cease and desist from those sales." Defendant Feel the Steel Corp. (FTS) is also Kayzee's tenant under a lease commencing January 5, 2006, and is the successor of a corporation that began selling food from the same premises in September 2003. The complaint alleges that FTS is selling the same type of food as plaintiff in violation of the restrictive covenant of plaintiff's lease extension and seeks permanent injunctive relief barring FTS from selling competing food items.

In support of their preanswer motion to dismiss the complaint, defendants relied upon a prior order that denied plaintiff's motion seeking preliminary injunctive relief, arguing collateral estoppel and, in their reply, law of the case. In opposition, plaintiff asserted that defendants were attempting to obtain dismissal based upon the tenants' respective leases with Kayzee (CPLR 3211 [a] [1]). Supreme Court granted the motion, dismissing the matter as "premature" on the ground that the lease extension does not take effect until June 1, 2010.

On appeal, plaintiff argues that the restrictive covenant of the lease extension should be construed as an independent covenant that takes effect immediately upon signing, not at the future commencement of the lease term. Even assuming, without deciding, that this is the case, the FTS lease predates plaintiff's lease extension by some two months, and the restrictive covenant cannot be reasonably interpreted as binding upon FTS (*see Key Drug Co. v Luna Park Realty Assoc.*, 221 AD2d 598, 599 [1995] [absent notice, restrictive covenant does not bind tenants who were occupants of their premises when the plaintiff's tenancy began]). The law favors free and unconstrained use of property as a matter of policy, and any restraint on the use to which premises can be put is strictly construed against the party seeking to enforce it (*see Huggins v Castle Estates*, 36 NY2d 427, 430 [1975]). Moreover, under the doctrine of caveat emptor, plaintiff is presumed to have ascertained that the premises were suitable for its business purposes (*see First Nationwide Bank v 965 Amsterdam*, 212 AD2d 469, 472 [1995]) and, thus, to have been familiar with the type of food sold by FTS, warranting dismissal of its claim for injunctive relief (*see L'Art de Jewel Ltd. v Hudson Sheraton Corp., LLC*, 46 AD3d 418, 420 [2007]). Plaintiff's conclusory allegation that FTS entered into its lease with full knowledge of the restrictive covenant does not preclude dismissal since this factual assertion is manifestly contradicted by the documentary evidence (*see Robinson v Robinson*, 303 AD2d 234, 235 [2003]).