Harris v City of New York (2025 NY Slip Op 25067)

[*1]

Harris v City of New York

2025 NY Slip Op 25067

Decided on March 19, 2025

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 19, 2025
Supreme Court, New York County

Angela Harris, Plaintiff,

against
The City of New York, Defendant.

Index No. 156195/2024

Angela Harris is represented by William Andrew Grey, Esq. of William Grey Law Office PLLC.
The City of New York is represented by Dominique Marie Jude Anglade of the New York City Law Department.

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 were read on this motion to DISMISS.
Upon the foregoing documents and oral argument before the court, Defendant the City of New York (the "City") moves to dismiss Plaintiff's complaint pursuant to CPLR § 3211(a)(7). Plaintiff Angela Harris ("Plaintiff") opposes the motion and cross-moves to amend her complaint. For the reasons stated herein, the City's motion is denied, and Plaintiff's cross-motion is granted.
BACKGROUND AND ARGUMENTS
Plaintiff alleges that she was discriminated against on the basis of her weight in violation of the New York City Human Rights Law (the "NYCHRL").[FN1]
 In 2022, Plaintiff took and passed civil service exam number 3037 for the position of probation officer with the New York City Department of Probation ("DOP") (NYSCEF Doc No. 14, proposed amended verified complaint [*2]¶¶ 10, 12, 13, 15). Plaintiff was placed at number sixty-three on the list of persons who passed the exam and was directed to appear for a medical review with the New York City Police Department (the "NYPD") (id. ¶¶ 13, 15). On May 8, 2024, Plaintiff appeared for her medical review and was evaluated by a surgeon with the NYPD (id. ¶ 17). At the conclusion of Plaintiff's evaluation, she was told to "leave and only return after losing 95 LBS" (id. ¶ 22). Additionally, Plaintiff was given a pre-printed form entitled "NYPD Notice of Medical Review Status PD 407-123 (Rev. 01-20)" (id. ¶ 23). The form contained language that the applicant "must return to be reweighed after losing ______ LBS" and included a section for the applicant's current weight (id. ¶ 24).
On July 19, 2024, Plaintiff was contacted via email by an Investigator with the NYPD directing her to appear at the Candidate Assessment Division on August 2, 2024 (id. ¶¶ 31, 32). On July 24, 2024, Plaintiff's attorney responded to the Investigator's email and informed him that Plaintiff was represented, that Plaintiff commenced an action for weight discrimination, and requested that the August 2, 2024, appearance be rescheduled (id. ¶¶ 36-39). The Investigator did not reply to counsel's email, and Plaintiff has not received any further communication from the NYPD or the DOP (id. ¶¶ 40-1). Further, Plaintiff has not been hired by the DOP and individuals who passed exam number 3037 have already been sworn in (id. ¶ 46).
On July 8, 2024, Plaintiff commenced this action to recover for the damages she sustained because of alleged unlawful weight discrimination under the NYCHRL (NYSCEF Doc No. 1, complaint). On September 27, 2024, the City filed this pre-answer motion to dismiss Plaintiff's complaint for failure to state a cause of action. The City argues that Plaintiff has not alleged facts that demonstrate she was qualified for the position of probation officer, that she was treated differently or less well because of her weight, or that discrimination was a motivating factor.
Plaintiff opposes the City's motion and cross-moves to amend her complaint. Plaintiff argues that the cross-motion should be granted because leave to amend is a liberal standard, the proposed amended complaint is not patently devoid of merit or palpably insufficient, and the City will not be prejudiced by the amendment. In opposition to the City's motion, Plaintiff argues that the factual allegations pleaded in the complaint sufficiently state causes of action for unlawful weight discrimination and retaliation under the NYCHRL.
In reply, the City argues that the form used by the NYPD may be a medical determination, that Plaintiff failed to plead her weight, failed to inform the court that she had a second medical review, and does not allege that she received any final determination or has actually been disqualified from the position of probation officer. Additionally, the City argues that Plaintiff has not stated a cause of action for retaliation because she has not pleaded facts that demonstrate a causal connection between a protected activity and retaliatory conduct.

DISCUSSION
I. Plaintiff's Cross-Motion
As a threshold matter, Plaintiff's motion to amend is granted. "A party may amend [their] pleading once without leave of court [. . .] at any time before the period for responding to it expires" (CPLR § 3025[a]). Where, as here, a defendant files a pre-answer motion, the time to file a responsive pleading is automatically extended until ten (10) days after the movant is served [*3]with notice of entry of an order that disposes the motion (CPLR § 3211[f]). Thus, when a plaintiff moves to amend for the first time during the pendency of a pre-answer motion to dismiss they do so as of right (Roam Cap., Inc. v Asia Alternatives Mgmt. LLC, 194 AD3d 585, 585—86 [1st Dept 2021] ["Since a motion to dismiss extends the defendant's time to answer the complaint [. . .] and since the court had not yet even decided defendant's CPLR § 3211 motion at the time plaintiff moved to amend its complaint, plaintiff did not need to move pursuant to CPLR § 3025 (b); instead, it could have amended as of right pursuant to CPLR § 3025 (a)"]). Because this is Plaintiff's first amended complaint and she moved to amend during the pendency of the City's motion to dismiss, the amendment is granted as of right under CPLR § 3025(a) (see Almodovar v City of New York, 83 Misc 3d 1271[A] [Sup Ct, NY County 2024]).
II. Defendant's Motion to Dismiss
a. Weight Discrimination
On a motion to dismiss brought under CPLR § 3211 (a)(7), the court must "accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994] [citations omitted]). Ambiguous allegations must be resolved in the plaintiff's favor (see JF Capital Advisors, LLC v Lightstone Group, LLC, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (511 West 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002] [internal citations omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (Cortlandt Street Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]), but a pleading consisting of "bare legal conclusions" is insufficient (Leder v Spiegel, 31 AD3d 266, 267 [1st Dept 2006], aff'd 9 NY3d 836 [2007], cert denied 552 US 1257 [2008]) and "the court is not required to accept factual allegations that are plainly contradicted by the documentary evidence or legal conclusions that are unsupportable based upon the undisputed facts" (Robinson v Robinson, 303 AD2d 234, 235 [1st Dept 2003]).
Claims under the NYCHRL must be reviewed with "an independent liberal construction analysis in all circumstances . . . targeted to understanding and fulfilling . . . the [NYCHRL's] uniquely broad and remedial purposes," and should be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" (Williams v NYC Hous. Auth., 61 AD3d 62, 66 [1st Dept 2009][internal citations and quotations omitted]; Albunio v City of New York, 16 NY3d 472, 477-478 [2011]). Employment discrimination claims under the NYCHRL are reviewed under a notice pleading standard, in which a "plaintiff alleging employment discrimination need not plead specific facts establishing a prima facie case of discrimination but need only give fair notice of the nature of the claim and its grounds" (Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009][internal quotations omitted]).
On May 26, 2023, the NYCHRL was amended to prohibit discrimination on the basis of height and weight in employment, housing, and places of public accommodations (see Local Law 61 of 2023). The law took effect on November 26, 2023, and is not retroactive. Under the amended law, it is an unlawful discriminatory practice "for an employer or an employee or agent thereof, because of the actual or perceived . . . height [or] weight . . . to refuse to hire or to bar or [*4]discharge from employment such person or . . . to discriminate against such person in compensation or in terms, conditions or privileges of employment" (Administrative Code of City of NY § 8-107[1][a]).
There are very limited circumstances under the NYCHRL where an employer may consider an applicant's or employee's body size when making employment related decisions (Administrative Code of City of NY § 8-107[1][g][1]). Employers may take height, weight, or body size into consideration when: (1) "it is required by federal, state, or local law or regulation, (2) permitted by regulation adopted by the [New York City Commission on Human Rights] identifying particular jobs [. . .] for which a person's height or weight could prevent them from performing the essential requisites of the job, and the [New York City Commission on Human Rights] has not found alternative action that could reasonably be taken to allow such person to perform the essential requisites of the job [. . .] or (3) permitted by regulation adopted by the commission identifying particular jobs [. . .] for which consideration of height or weight criteria is reasonably necessary for the execution of the normal operations of such covered entity" (id.).
Given the novelty of the law, the pleading standard for weight discrimination under the NYCHRL presents a matter of first impression. The court is thus instructed by the standard for pleading other protected classes under the NYCHRL. Therefore, to state a cause of action for weight discrimination under the NYCHRL, a plaintiff must plead factual allegations that the plaintiff (1) is a member of a protected class, (2) was qualified to hold the position, (3) was terminated, subjected to another adverse employment action, or was treated differently from other employees, and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]; Harrington v City of New York, 157 AD3d 582, 584 [1st Dept 2018]). Under the NYCHRL no action can be "motivated in whole or in part, by [unlawful] discrimination" (see Cadet-Legros, 135 AD3d at 202).
In this case, Plaintiff adequately stated a cause of action for unlawful weight discrimination by pleading she is a person of a certain weight (NYSCEF Doc No. 14, proposed amended verified complaint ¶ 6), passed civil service exam number 3037 and was invited to appear for a medical evaluation (id. ¶¶ 13, 17), was told to "leave and only return after losing 95 LBS" (id. ¶ 22) and was not sworn in as a Probation Officer among those that passed civil service exam number 3037 (id. ¶ 46). The allegations that Plaintiff was instructed to "leave and only return after losing 95 LBS," and that she was given a form recording her current weight with the directive to be reweighed after shedding a specific number of pounds, are sufficient to establish an inference of discrimination. If substantiated, this could serve as direct evidence of weight discrimination (id. ¶¶ 22, 23, 24; see Porter v Dartmouth-Hitchcock Med. Ctr., 92 F4th 129, 149 [2d Cir 2024] [evidence of discrimination is direct when "the employer's motivation [is] discriminatory on its face"]). To be sure, such reliance on a blanket policy, rather than an individualized assessment of Plaintiff's ability to perform essential job functions, strongly indicates discrimination based on her weight. Furthermore, Plaintiff's assertion that the form's language required her to return only after a specified weight loss highlights the policy's rigidity and lack of accommodation. Such inflexible standards, as pleaded, are antithetical to the inclusive and protective framework established under the NYCHRL.
The City's argument that the information on form "NYPD Notice of Medical Review Status PD 407-123" is a medical determination and not weight discrimination is undermined by the form itself and the City's arguments both in its papers and during oral argument. First, the [*5]form does not contain any statements about a medical diagnosis, let alone a diagnosis for which weight loss might ameliorate a condition (see NYSCEF Doc No. 15). Next, the City's own papers and argument before the court do not cite to any medical diagnosis, but instead repeatedly refer to Plaintiff as "overweight" (NYSCEF Doc No. 21, reply memorandum at 4, 8, 9). The City's repeated labeling of the Plaintiff as overweight may, in fact, indicate that her employment was denied on the basis of her weight.[FN2]

It bears repeating that under the NYCHRL an individual's weight may not be a factor when making employment related decisions unless one of the enumerated exceptions applies (Administrative Code of City of NY § 8-107[1][g][1]). In this instance, the City does not point to any law or regulation that allows DOP or the NYPD to rely on a probation officer applicant's weight. Unless one of the enumerated exceptions applies, the applicant's weight is not relevant to whether they plead a cause of action for weight discrimination.[FN3]
 Moreover, "[s]tereotypes or speculative health and safety concerns regarding body size stem from entrenched bias and do not constitute permissible justifications for height or weight discrimination" (New York City Commission on Human Rights, Height and Weight Protections in the New York City Human Rights Law, https://www.nyc.gov/site/cchr/media/height-and-weight.page [last Accessed Feb. 19, 2025]). The NYCHRL not only proscribes discrimination on the basis of "actual or perceived weight," but targets "entrenched biases" about a person's capacity because of their weight (id.; Administrative Code of City of NY § 8-107[1][a]). This approach makes sense because it acknowledges that discrimination is not solely about overt actions based on a person's weight, but also about the underlying stereotypes and prejudices that inform those actions. By targeting both "actual or perceived weight" and the "entrenched biases" that can diminish an individual's capacity, the NYCHRL recognizes that the harm of discrimination extends beyond the visible and measurable. It addresses the subtle, often unconscious attitudes that lead to unfair judgments and limitations, ensuring that protection is comprehensive. In essence, it is not just the overt bias that needs correction, but also the deep-seated assumptions that quietly influence decisions and [*6]restrict opportunities, much like removing both the visible weeds and the hidden roots that destabilize a garden. For these reasons, the City's motion to dismiss Plaintiff's first cause of action is denied.
b. Retaliation
The City next moves to dismiss Plaintiff's second cause of action for retaliation on the grounds that Plaintiff has not alleged facts that demonstrate a causal connection between a protected activity and retaliatory conduct. To state a cause of action for retaliation, Plaintiff must allege that she was engaged in a protected activity, the employer was aware of such activity, the employer took action that is reasonably likely to deter a person from engaging in a protected activity, and a causal connection between the protected activity and the employer's action (Franco v Hyatt Corp., 189 AD3d 569, 571 [1st Dept 2020]; Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 206 [1st Dept 2015]).
Here, Plaintiff met her burden by alleging that she commenced this lawsuit for unlawful weight discrimination (NYSCEF Doc No. 14, proposed amended verified complaint ¶ 37), her attorney informed the NYPD that she filed this lawsuit (id.), and that the NYPD and DOP then stopped all communications with Plaintiff and her attorney and failed to reschedule her appointment with the Candidate Assessment Division (id. ¶¶ 40, 41). The City's argument that Plaintiff has not stated a cause of action for retaliation because Plaintiff was contacted by the NYPD after she commenced this action is unavailing (NYSCEF Doc No. 21, reply memorandum at 5). Plaintiff alleged that all communications stopped after her attorney told the NYPD Investigator about the lawsuit, not when she commenced the action. Additionally, Plaintiff's allegation that the NYPD Investigator told her that if she needed "to reschedule for any reason or are no longer interested in this position, please reply to this email," but then failed to respond or reschedule Plaintiff, further demonstrates a causal connection between the protected activity and the employer's actions (id. ¶ 39). Thus, the City's motion to dismiss Plaintiff's second cause of action is denied.
Accordingly, it is
ORDERED that the City's motion to dismiss is denied; and it is further
ORDERED that the Plaintiff's motion for leave to amend the complaint herein is granted, and the amended complaint in the proposed form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further
ORDERED that the City shall serve an answer to the amended complaint or otherwise respond thereto within 20 days from the date of said service; and it is further
ORDERED that counsel are directed to appear for a settlement conference in Room 320, 80 Centre Street, New York, New York on April 23, 2025 at 10:00 AM; and it is further
ORDERED that the clerk is directed to schedule this matter for a preliminary conference in the Differentiated Case Management Part on the earliest available date, upon Plaintiff filing a request for the same.
This constitutes the decision and order of the court.
DATE 3/19/2025
HASA A. KINGO, J.S.C.

Footnotes

Footnote 1: Except where otherwise noted, the facts are recited here as alleged in the amended complaint and are accepted as true for the purpose of the motion, as required on a motion to dismiss pursuant to CPLR § 3211(a)(7).

Footnote 2: This is further highlighted by the City's argument that Plaintiff "deliberately [sought] to mislead the [c]ourt" by not disclosing her weight and that, had Plaintiff disclosed her weight, it "would have demonstrated to the [c]ourt that even if and when Plaintiff loses 95 pounds and returned to the Medical Division for further processing, she would still be considered overweight" (id. at 8). Whether Plaintiff "would still be considered overweight" would be irrelevant if it was not a factor in the City's decision making. It is also noteworthy the City disclosed this information in their motion submissions, even after Plaintiff redacted this information from her exhibits.

Footnote 3: Nor is it Plaintiff's burden to plead that she could perform the essential requisites of the job (see Administrative Code of City of NY § 8-107[1][g][2] ["In instances where a covered entity's action is not required by law or regulation or permitted by regulation [. . .] it shall be an affirmative defense that [:] a person's height or weight prevents the person from performing the essential requisites of the job, and there is no alternative action the covered entity could reasonably take that would allow the person to perform the essential requisites of the job, or the covered entity's decision based on height or weight criteria is reasonably necessary for the execution of the normal operations of such covered entity"]).