(March 30, 2010)

■ Jumax Associates, Respondent, v 350 Cabrini Owners Corp., Appellant. [900 NYS2d 2]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered September 26, 2008, inter alia, declaring that, subject to defendant's right to the proceeds from an existing licensing agreement, plaintiff is the owner of the rights to the roof of defendant's building, including any transferable development rights, unanimously affirmed, without costs.

In a previous order, this Court affirmed the dismissal of plaintiff sponsor's claims for past and future income from the license to Cellular Telephone for installation and operation of antennas and related equipment on the roof of the building, but vacated the finding that defendant cooperative corporation had acquired the roof rights via adverse possession (46 AD3d 407, 408 [2007]). However, we did not affirmatively find for plaintiff on its claim to roof rights when we rejected defendant's adverse possession claim. Therefore, the law of the case doctrine was inapplicable. Indeed, in the present motion, defendant co-op corporation offers an alternative ground for its own claim to roof rights, namely, that the sponsor never properly obtained an interest in those rights. It reasons that by assigning its interest, rather than first taking title to the premises and then conveying title with a carve-out for its rights to the roof, the sponsor failed to obtain the rights contemplated in the offering plan and therefore could not retain those rights.

While we reject the motion court's application of the law of the case doctrine to decide the present motion, we affirm on the merits its determination of the parties' competing claims to roof rights, declaring that plaintiff is the owner of the roof rights, including any transferable development rights, subject to the existing license agreement. The offering plan reserved the roof rights to the sponsor and specified that those rights would survive the closing and would exist as an exception to title, although the deed might omit the exception when the co-op took

formal title. The sponsor acquired an equitable interest upon entering into the sale contract (*see Bean v Walker*, 95 AD2d 70, 72 [1983]), which equitable interest was sufficient for it to acquire and retain the contemplated roof rights, and its assignment of the purchase contract to the co-op corporation before the closing on the property did not eliminate or negate that retention of rights.

Finally, as the motion court held, the co-op corporation failed to making a showing sufficient to demonstrate adverse possession between 1992 and 1995. Concur—Tom, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.