Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 26, 2012, which denied defendants’ preclusion motion, unanimously affirmed, without costs.
*582 In this medical malpractice action, plaintiff previously moved for leave to further depose defendant doctor on a previously unspecified theory of liability, excessive blood loss during two surgeries. The motion court granted the relief requested and, in an interim decision, directed plaintiff to serve an amended bill of particulars to spell out more clearly the new theory of liability. On appeal, we reversed the motion court’s grant of the motion for further depositions, finding that plaintiff did not “establish that ‘unusual or unanticipated circumstances’ had developed requiring further discovery ‘to prevent substantial prejudice’ ” (Madison v Sama, 92 AD3d 607, 607 [1st Dept 2012]). In identifying the order on appeal, our prior order mentioned the interim direction that plaintiff serve an amended bill of particulars. However, our decision did not discuss, let alone determine, the propriety of the motion court’s sua sponte directive to plaintiff’s counsel to file an amended bill of particulars. The only question presented on the prior appeal, as crafted by defendants, limited itself to the issue of the supplemental examination before trial of the defendant Sama. Accordingly, the law of the case doctrine did not mandate that plaintiff be precluded from presenting evidence on the new theories and injuries alleged in the amended bill of particulars (see Jumax Assoc. v 350 Cabrini Owners Corp., 71 AD3d 584 [1st Dept 2010]; Transport Workers Union of Am. Local 100 AFL-CIO v Schwartz, 32 AD3d 710, 715 [1st Dept 2006], lv dismissed 7 NY3d 922 [2006]).
The motion court did not improvidently exercise its authority by deferring to the trial court for a determination as to the preclusion and limitation of expert testimony, limiting plaintiffs two neurologists’ testimony to their anticipated roles—fact witness and expert witness—and directing the parties to expeditiously notify each other of their intentions with regard to expert testimony at trial.
We have considered defendants’ remaining arguments and find them unavailing.
Concur—Tom, J.E, Sweeny, Saxe, Román and Feinman, JJ.