■ JUMAX ASSOCIATES, Appellant, v 350 CABRINI OWNERS CORP., Respondent. [973 NYS2d 631]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered July 19, 2012, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff previously commenced an action in 2002 seeking to recover fees that had been paid to defendant co-op pursuant to a license agreement defendant had entered into in or about 1995 with a third-party cellular telephone company, as well as fees that would be paid through the time of judgment. At the time the action was commenced, the license agreement had been amended and extended three times. During the pendency of the prior action, the license agreement was amended and extended two more times.

This Court affirmed the motion court's dismissal of Jumax's claims for "past and future income from the . . . license agreement" based on waiver and estoppel (*Jumax Assoc. v 350 Cabrini Owners Corp.*, 46 AD3d 407, 408 [1st Dept 2007]), and, ultimately, on a subsequent appeal, held that "plaintiff is the owner of the roof rights, including any transferable development rights, subject to the existing license agreement" (71 AD3d 584, 584 [1st Dept 2010]). Plaintiff's current claims seeking to recover amounts paid pursuant to the amendments entered into during the pendency of the prior action are barred by the doctrine of res judicata, which bars "future actions between the same parties on the same cause of action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]). The rule bars "all other claims arising out of the same transaction or series of transactions . . . even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]), and applies "not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]). Plaintiff's current claims to recover fees paid to the co-op under the fourth and fifth amendments either were raised and dismissed in the prior action, or could have been raised therein. If the merits were to be reached, plaintiff points to no authority or provision in the license agreement and amendments thereto in support of its argument that the fourth and fifth amendments constitute "new agreements," rather than "mere amendments" of the existing license agreement (*see Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC*, 91 AD3d 1155, 1157 [3d Dept 2012], *lv denied* 19 NY3d 802 [2012]; *L'Art de Jewel Ltd. v Hudson Sheraton Corp., LLC*, 46 AD3d 418, 420 [1st Dept 2007]). Concur—Friedman, J.P., Sweeny, Acosta and Manzanet-Daniels, JJ.